UNITED STATES DISTRICT COURT

MIDDLE DISTRICT COURT OF LOUISINA

| | |
|---|---|
| ANDY TROCHE, JR. | CIVIL ACTION |
| VERSUS | NO. |
| LOUIS DREYFUS COMPANY, LLC, <br> LOUIS DREYFUS COMPANY HOLDING, INC. <br> LOUIS DREYFUS COMPANY PORT ALLEN <br> ELEVATOR, LLC, LOUIS DREYFUS <br> COMPANY SERVICES, LLC, AND <br> JOHN DOE | JUDGE: <br><br> MAGISTRATE |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## **NOTICE OF REMOVAL**

NOW INTO COURT, through undersigned counsel, come defendants, Louis Dreyfus Company, LLC, Louis Dreyfus Company Holding Inc., Louis Dreyfus Port Allen Elevator, LLC and Louis Dreyfus Company Services, LLC (LDC) to file this Notice of Removal to the United States District Court for the Middle District of Louisiana on the following grounds:

I.

On or about September 21, 2022, a Petition for Damages was filed on behalf of plaintiff, Andy Troche, Jr., in the 18th Judicial District Court for the Parish of West Baton Rouge, State of Louisiana, styled "*Andy Troche, Jr. v. Louis Dreyfus Company, LLC, et al*", Docket Number: 1047759, Division "B" of that court (Exhibit 1-A).  Attached is an

Index of the suit record including all pleadings and papers filed with the 18th Judicial District Court. (Exhibit 1). As shown in Exhibit 1-D 1-4, all Louis Dreyfus entities were served on September 22, 2022.

II.

The 18th Judicial District Court for the Parish of West Baton Rouge is within the jurisdiction of the United States District Court Middle District of Louisiana.

## PLAINTIFF'S CLAIMS ARE REMOVABLE FOR THERE IS COMPLETE DIVERSITY AND THE AMOUNT IN CONTROVERY EXCEEDS $75,000

Pursuant to 28 U.S.C.A. §1332:

> **(a)** The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between –
>
> (1) citizens of different States.

28 U.S.C.A. §1332(a)(1).

## DIVERSITY

III.

As set forth in the Petition for Damages, plaintiff, Andy Troche, Jr., resides in and is a citizen of the Parish of East Baton Rouge, State of Louisiana (Exhibit 1-A).

IV.

Defendant, Louis Dreyfus Company Port Allen Elevator, LLC, is a limited liability company whose sole member is Louis Dreyfus Company, LLC.  Louis Dreyfus Company, LLC's sole member is Louis Dreyfus Company Holding, Inc., a Delaware corporation with its principal place of business in the state of Connecticut.  Thus, Louis Dreyfus Company Port Allen Elevator, LLC is a citizen of the states of Delaware and Connecticut for the purposes of 28 U.S.C.A. §1332.

V.

Defendant, Louis Dreyfus Company, LLC is a limited liability company whose sole member is Louis Dreyfus Company Holding, Inc., a Delaware corporation, with its principal place of business in the state of Connecticut.  Therefore, Louis Dreyfus Company, LLC is a citizen of the states of Delaware and Connecticut for the purposes of 28 U.S.C.A. §1332.

VI.

Defendant Louis Dreyfus Company Services, LLC is a limited liability company whose sole member is Louis Dreyfus Company Holding, Inc., a Delaware corporation, with its principal place of business in the state of Connecticut.  Therefore, Louis Dreyfus Company Services, LLC is a citizen of the states of Delaware and Connecticut for the purposes of 28 U.S.C.A. §1332.

VII.

Louis Dreyfus Company Holding, Inc., is a Delaware corporation, with its principal place of business in the state of Connecticut. Therefore, Louis Dreyfus Company Holding, Inc. is a citizen of the states of Delaware and Connecticut for the purposes of 28 U.S.C.A. §1332.

VIII.

Plaintiff has also named a fictitious party, John Doe, who is alleged to be an employee of the defendants and acting within the course and scope of his employment at the time of the incident described in the Petition (Exhibit 1-A, ¶4). For diversity purposes, the citizenship of a defendant sued under a fictitious name is disregarded. 28 U.S.C.A. §1441(b)(1).

## AMOUNT IN CONTROVERSEY

IX.

Plaintiff's suit seeks damages from an incident while employed by T. Parker Host allegedly sustained upon a boat/barge located in the Mississippi River, and subsequent fall into the Mississippi River. (Exhibit 1-A, ¶3).

X.

Plaintiff alleges that he was climbing a stationary ladder permanently affixed to the boat/barge slip directly adjacent to the barge, and while ascending the ladder to reach a catwalk, an employee of Louis Dreyfus negligently engaged a cable used to move the

4

barge and/or cargo causing the cable to strike plaintiff and fall from the ladder (Exhibit 1-A, ¶10).

XI.

Plaintiff alleges that the cable struck him causing him to fall approximately twenty (20) feet onto the barge and then fall into the Mississippi River, all resulting in plaintiff's injuries. (Exhibit 1-A, ¶11).

XII.

Plaintiff's Petition does not allege a specific amount in controversy, however, in Paragraph 20 of the Petition for Damages, plaintiff "avers that his damages exceed the amount required for trial by jury, exclusive of interest and costs." (Exhibit 1-A, ¶20). The amount in controversy required for a trial by jury in Louisiana is $50,000.00. La.C.C.P. art. 1732.

XIII.

A review of the Petition for Damages reveals that the amount in controversy "is facially apparent that the claims are likely above $75,000.00." *Luckett v. Delta Airlines, Inc.*, 171 F.3rd 295, 298 (5th Cir. 1999) (quotation citation omitted). Plaintiff alleges that his fall of approximately 20 feet onto the barge and then falling into the Mississippi River caused him to sustain "severe and permanent personal injuries in this fall that include, but are not limited to a concussion, injuries to his head, liver, chest, shoulder, and ribs." (Exhibit 1-A, ¶14).

5

XIV.

As a result of the injuries to his head causing a concussion, liver, chest, shoulder, and ribs, plaintiff is claiming the following list of specific damages:

a. Loss of past and future income, support, and other such employee benefits;

b. Loss of wage earning capacity;

c. Past and future physical pain and suffering;

d. Past and future medical expenses;

e. Past and future mental anguish;

f. Loss of consortium;

g. Bodily injury;

h. Past and future loss of enjoyment of life;

i. Scarring;

(Exh. 1 ¶18)

XV

Thus, the allegations of a head injury (concussion) and internal injuries (liver), as well as other injuries to his chest shoulder and ribs, and accompanying damages, show that it is facially apparent that plaintiff's claims exceed the sum of $75,000.00, exclusive of interest and costs, as required by 28 U.S.C.A. §1332(a) for the injuries and damages alleged from the 20-foot fall to the barge and then falling into the Mississippi River.

XVI.

This Court has jurisdiction to hear this matter under 28 U.S.C.A. §1332, for the parties are diverse in citizenship; plaintiff Louisiana, defendants, Delaware and Connecticut, and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

**PLAINTIFF'S GENERAL MARITIME LAW CLAIMS ARE ALSO REMOVABLE**

Plaintiff's claims are also removable under the revisions to 28.U.S.C.A. §1441 and 28.U.S.C.A. §1333

XVII.

Plaintiff alleges that he was working as an operator/stevedore for T. Parker Host at the time of the incident forming the basis of this litigation (Exhibit 1-A, ¶3).

XVIII.

Plaintiff alleges that he was wearing personal floatation devices at the time of the incident (Exhibit 1-A, ¶6).

XIX.

Plaintiff alleges that he rode onboard the barge in the Mississippi River until it came to rest in LDC's boat/barge slip (Exhibit 1-A, ¶7).

XX.

Plaintiff claims that while ascending a ladder from the barge, a cable operator employed by defendant engaged a cable used to move the barge causing the cable to strike plaintiff causing plaintiff's fall from the ladder (Exhibit 1-A, ¶10).

XXI.

The movement of the cable allegedly caused the plaintiff to fall approximately 20 feet to the barge, and then fall into the Mississippi River, resulting in plaintiff's injuries (Exhibit 1-A, ¶11).

XXII.

Because plaintiff's claims are governed by the General Maritime Law, this Notice of Removal is also being filed on the basis of jurisdiction conferred by 28 U.S.C.A. §1333 and §1441(a). A Federal Court's authority to hear cases in admiralty flows initially from the Constitution, which "'extend[s]' federal judicial power 'to all cases of admiralty and maritime jurisdiction.'" U.S. Const. Art. III, §2; see also *Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co.*, 513 U.S. 527, 531 (1995). "Congress has embodied that power in a statute giving federal district courts "original jurisdiction … of … [a]any civil case of admiralty or maritime jurisdiction …" 28 U.S.C.A. §1333(a); *see also Grubart*, 513 U.S. at 531.

XXII.

Before January 2012, courts interpreted 28 U.S.C.A §1441(a) to mean that a General Maritime Law claim could be removed only when there was a separate basis

8

(diversity) for federal jurisdiction. However, 28 U.S.C.A. §1441 was amended in 2011 as a part of the Federal Courts Jurisdiction and Venue Clarification Act of 2011, H.R. 394, P.L. 112-63. The 2011 amendment removes the language in Section 1441(b) that had been interpreted as barring removal of federal maritime cases. *See Bridges v. Phillips 66 Co.*, No. 13-477-JJC-SCR, 2013 WL 6092803 (m>D. La. Nov. 19, 2013); *Tilley v. American Tugs, Inc.,* No. 13-6104, Rec. Doc. 11 (E.D. La. Jan. 16, 2014( (Engelhardt, J.); *Ryan v. Hercules offshore, Inc.*, No. H-12-3510, 2013 WL 1967315 (S.D. Tex. May13, 2013); *Wells v. Abe's Boat Rentals, Inc.,* No. H-13-112, 2013 WL 3110322 (S.D. Tex. June 18, 2013); *Carrigan v. M/V AMC AMBASSADOR, EMAS-AMC,, Inc.*, No. H-13-03208, 2014 WL 358353 (S.D. Tex. January 31, 2014).

XXIV.

Section 1441(a) currently states: "Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C.A. §1441. Accordingly, the instant case is removable because plaintiff asserts General Maritime Law claims, and additionally, there is diversity between the plaintiff and defendant and the claimed damages exceed $75,000.

XXV.

Pursuant to 28 U.S.C.A. §1332 and §1441(a), and without prejudice to any defenses the defendants may have to plaintiff's action, jurisdictional or otherwise, Louis Dreyfus Company, LLC and Louis Dreyfus Company Port Allen Elevator, LLC jointly remove this action from the 18th Judicial District Court for the Parish of West Baton Rouge, State of Louisiana, docket number 1047759, Division "B" to the United States District Court for the Middle District of Louisiana.

XXVI.

In conformity with 28 U.S.C.A. §1446(b), this Notice of Removal is being filed within thirty days after receipt by Louis Dreyfus Company, LLC, Louis Dreyfus Company Holding Inc., Louis Dreyfus Port Allen Elevator, LLC and Louis Dreyfus Company Services, LLC via service on September 22, 2022, and within thirty days of filing of the Petition for Damages on September 21, 2022. Exhs. 1-D 1-4 and 1-A.

XXVII

Promptly after filing of the Notice of Removal, defendants are serving written notice upon the adverse party, through his attorney of record, a copy of the Notice of Removal being filed with the United States District Court for the Middle District of Louisiana and the Clerk of Court for the 18th Judicial District Court for the Parish of West Baton Rouge, to effect removal of this action, all in accordance with 28 U.S.C.A. §1446.

XXVIII.

Pursuant to Rule 11 of the Federal Rules of Civil Procedure, undersigned counsel certifies that he has read the foregoing Notice of Removal. He likewise certifies that to the best of his knowledge, information, and belief formed after reasonable inquiry, the Notice is well-grounded in fact and is warranted by existing law, or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose.

**WHEREFORE,** defendants, Louis Dreyfus Company, LLC and Louis Dreyfus Company Port Allen Elevator, LLC, pray that the above-described civil action be removed from the 18th Judicial District Court for the Parish of West Baton Rouge, State of Louisiana to this Honorable Court for trial and determination as provided by law; that this Court enter such orders and issue such process as may be necessary and proper to bring before it a copy of all records in the proceeding presently pending before the aforesaid State court, and thereafter proceed with the civil action as if it were originally commenced in this Court and for all necessary and appropriate orders and decrees in accordance with the applicable law.

**SIGNATURE BLOCK ON NEXT PAGE**

Respectfully submitted,

**GAUDRY, RANSON, HIGGINS & GREMILLION, L.L.C.**

**S/** *Thomas W. Darling*
_____
**THOMAS W. DARLING, T.A. (#23020)**
2223 Quail Run Dr., Ste. C-2
Baton Rouge, LA 70808-9063
Telephone: (225) 663-6101
Fax:      (225) 663-6102
E-mail: tdarling@grhg.net
-and-
**WADE A. LANGLOIS, III (#17681)**
**JOHN J. DANNA (#28894)**
**GAUDRY, RANSON,**
**HIGGINS & GREMILLION, L.L.C.**
401 Whitney Ave., Suite 500
Gretna, Louisiana 70056
Phone: 504-362-2466
Fax:   504-362-5938
Email: wlanglois@grhg.net
       gforte@grhg.net
       jdanna@grhg.net
*Counsel for defendants*
*Louis Dreyfus Company, LLC*
*Louis Dreyfus Company Port Allen Elevator, LLC, Louis Dreyfus Company Services, LLC and Louis Dreyfus Holdings, Inc.*

## *CERTIFICATE OF SERVICE*

      I hereby certify that a copy of the foregoing Notice of Removal was filed electronically with the Clerk of Court using the CM/ECF system on 19th, 2022. Notice of this filing will be sent to all counsel of record by operation of the court's electronic filing system.

Kenneth H. Hooks, III (#25097)
H. Price Mounger, III (#19077)
DODSON & HOOKS, LLC
112 Founders Drive
Baton Rouge, LA 70810
Tele: (225) 756-0222
Fax: (225) 756-0025
Email: kenny@dodsonhooks.com
       price@dodsonhooks.com

-and-

Gary P. Koederitz (#07768)
KOEDERITZ LAW FIRM, LLC
4607 Bluebonnet Blvd., Suite B
Baton Rouge, LA 70809
Tele: (225) 295-9494
Fax: (225) 295-9495
Email: gary@kwlawbr.com

                                       *S/Thomas W. Darling*
                                       THOMAS W. DARLING (#23020)

Z:\0262\2679 - Andy Troche\Pleadings\USDC Pleadings\Not of Removal.docx