EIGHTEENTH JUDICIAL DISTRICT COURT
PARISH OF WEST BATON ROUGE
STATE OF LOUISIANA

ANDY TROCHE, JR.                    SUIT NO: 104759

VERSUS                              DIV: B

LOUIS DREYFUS COMPANY, LLC, ET AL

## PETITION FOR DAMAGES

NOW INTO COURT, through undersigned counsel, comes Andy Troche, Jr., (hereinafter "Petitioner") a resident of the full age of majority of the Parish of East Baton Rouge, and a citizen of the State of Louisiana, who respectfully represents to the Court as follows:

1.

Made defendants herein are:

a) LOUIS DREYFUS COMPANY, LLC, a limited liability company licensed to do and doing business within the State of Louisiana, with a registered office and principal business establishment in Louisiana located at 501 Louisiana Avenue, Baton Rouge, LA 70802,

b) LOUIS DREYFUS COMPANY HOLDING, INC., a corporation licensed to do and doing business within the State of Louisiana, with a registered office and principal business establishment in Louisiana located at 501 Louisiana Avenue, Baton Rouge, LA 70802,

c) LOUIS DREYFUS COMPANY PORT ALLEN ELEVATOR, LLC, a limited liability company, licensed to do and doing business within the State of Louisiana, with a registered office and principal business establishment in Louisiana located at 501 Louisiana Avenue, Baton Rouge, LA 70802,

d) LOUIS DREYFUS COMPANY SERVICES, LLC, a corporation, licensed to do and doing business within the State of Louisiana, with a registered office and principal business establishment in Louisiana located at 501 Louisiana Avenue, Baton Rouge, LA 70802, and

e) JOHN DOE, a yet to be identified Louisiana resident, domiciliary and citizen, who was the cable operator at the time of the incident described more fully below.

2.

Upon information and belief, LOUIS DREYFUS COMPANY, LLC, LOUIS DREYFUS COMPANY HOLDING, INC, LOUIS DREYFUS COMPANY PORT ALLEN ELEVATOR, LLC and/or LOUIS DREYFUS COMPANY SERVICES, LLC (hereinafter these entities will collectively be referred to as "LDC") were the owners and operators of the grain and commodities elevator and loading dock complex located at 520 Elevator Road, in Port Allen, West Baton Rouge Parish, Louisiana, adjacent to the Mississippi River, where Petitioner sustained his injuries as described below (hereinafter the "Facility").


EXHIBIT Exh. 1-A

3.

At all pertinent times hereto, Petitioner was employed by T. Parker Host as an operator/stevedore, who was assigned to perform his duties for T. Parker Host at defendant LDC's Facility.

4.

At all pertinent times hereto, defendant JOHN DOE was employed by LDC and was acting within the course and scope of his employment as the "HP" or cable operator in the boat/barge slip area at the Facility at the time of the incident described herein.

5.

On or about September 28, 2021, Petitioner was instructed by his employer/T. Parker Host to assist with moving a barge from LDC's dock to one of its boat/barge slips at the Facility.

6.

Petitioner donned a harness and personal flotation device and boarded the barge by way of a man lift at LDC's dock.

7.

Petitioner then rode onboard the barge until the barge came to rest in LDC's boat/barge slip.

8.

In order to exit the barge and return to the dock after the barge came to rest in the Facility's boat/barge slip, Petitioner had to access a catwalk located some thirty feet above the deck of the barge via a stationary ladder.

9.

To access the catwalk connected to LDC's dock, Petitioner had to climb a stationary ladder that was permanently affixed to the boat/barge slip, and which was located directly adjacent to the barge and ran up from the water to the catwalk itself.

10.

Based upon information and belief, as Petitioner was ascending the ladder to reach the catwalk, one of defendant LDC's employees, agents, and/or servant(s), specifically LDC's cable operator, defendant John Doe, negligently engaged a cable used to move the barge and/or cargo lids, causing a cable to strike Petitioner and fall from the ladder.

11.

The movement of the cable described above caused Petitioner to fall approximately twenty feet onto the barge below, and then fall into the Mississippi River, resulting in Petitioner's injuries.

12.

On September 28, 2021, and at the time Petitioner was struck by the cable and fell from the ladder as described herein, defendant John Doe acted within the course and scope of his employment as an employee of defendant LDC.

13.

Defendant LDC is liable to Petitioner for the acts and omissions of fault and negligence of its employee, defendant John Doe, pursuant to Louisiana Civil Code Article 2320 and the doctrine of respondeat superior.

14.

As a direct result of LDC's negligence and the negligence of John Doe, LDC's crane/cable operator, Petitioner sustained severe and permanent personal injuries in this fall that include, but are not limited to a concussion, injuries to his head, liver, chest, shoulder, and ribs.

15.

The incident which caused Petitioner's injuries was directly, legally and proximately caused by the direct and vicarious acts, omissions and negligence of the cable operator, defendant John Doe, whose acts and omissions include, but are not limited to the following:

    a. Negligently striking Petitioner and knocking him from the ladder causing him to fall approximately twenty feet onto the deck of the barge and then into the river,
    b. Failing to warn Petitioner prior to his moving any cables in Petitioner's vicinity,
    c. Failing to provide appropriate visual and/or verbal communication between him and Petitioner regarding the movement of the cables above or near the ladder Petitioner was using at the time of this incident,
    d. Failure to implement and/or follow necessary safety procedures prior to initiating cable movement,
    e. Failure to observe Petitioner's exact location and/or observe that Petitioner was on a ladder in the immediate vicinity in which he was moving cables,
    f. Failure to allow Petitioner to complete his accent and/or exit the vicinity before moving any cable in that area,
    g. Performing cable movement operations without proper safety precautions and/or having the proper safety personnel in place,
    h. Any and all other acts omission of fault and/or negligence which may be shown at the trial of this matter.

16.

LDC, as the owner and operator of the Facility, and the employer/supervisor of its employees, including specifically its crane/cable operator John Doe, were negligent in its

operations, safety practices and procedures and in the supervision of its employees, agents, and servants, which directly caused and/or contributed to Petitioner's fall and his resulting injuries.

17.

The incident which caused Petitioner's injuries was directly, legally and proximately caused by the direct and vicarious acts and negligence of defendant LDC, their agents, servants and/or employees, including, but not limited to:

a. Failing to provide Petitioner with a safe place to work,
b. Failing to provide appropriate visual and/or verbal communication between Petitioner and the operator of the crane/cables above or near the overhead ladder Petitioner was using at the time of this incident,
c. Failure to implement and/or follow necessary safety procedures prior to initiating cable movement,
d. Failure to properly train personnel operating the cables above the overhead ladder Petitioner was using at the time of the incident, creating an unmeasurable risk of injury,
e. Performing cable movement operations and/or crane movement operations without proper safety precautions and/or having the proper safety personnel in place,
f. Striking plaintiff and knocking him from the overhead ladder,
g. Failure to provide petitioner with a safe means of egress from the barge,
h. Maintaining a hazardous condition, \specifically a ladder with moving cables in very close proximity, and
i. Any and all other acts of negligence which may be shown at the trial of this matter.

18.

As a result of the severe injuries caused by the various acts of Defendants, Petitioner has and will suffer the following non-exclusive list of damages:

a. Loss of past and future income, support and other such employee benefits,
b. Loss of wage earning capacity,
c. Past and future physical pain and suffering,
d. Past and future medical expenses,
e. Past and future mental anguish,
f. Loss of consortium,
g. Bodily injury,
h. Past and future loss of enjoyment of life,
i. Scarring, and
j. For all other damages this Court may find reasonable in the premises.

19.

Defendants LDC and John Doe are liable unto Petitioner Andy Troche, Jr. for those defendants' fault and negligence pursuant to La. Civil Code Art. 2315, 2316, and other laws.

20.

For purposes of La. CCP art. 893 and 1732, Petitioner Andy Troche, Jr. avers that his damages exceed the amount required for trial by jury, exclusive of interest and costs.

21.

Request for Notice: In accordance with the provisions of Articles 1571 and 1572 of the Louisiana Code of Civil Procedure, you are hereby requested to give us, as counsel for Plaintiff, written notice by mail, ten (10) days in advance of any date fixed for any trial or hearing of the case, whether on exception rule, or on the merits thereof. In accordance with the provisions of Articles 1913 and 1914 of the Louisiana Code of Civil Procedure, you are hereby additionally requested to send us immediate notice of any order or judgement made or rendered in this case upon entry of any such order or judgement made or rendered in this case.

WHEREFORE, Petitioner prays that all defendants be noticed, duly cited and served with a copy of this petition for damages and after answer and due proceedings, that there be judgment for money damages rendered in favor of Petitioner Andy Troche, Jr. in an amount this Court finds to be reasonable under the circumstances, and against all defendants, jointly and *in solido* together with legal interest thereon from date of judicial demand until paid, for all costs of these proceedings and for all other general and equitable relief.

Respectfully submitted:

Kenneth H. Hooks, III, Bar Roll No. 25097
H. Price Mounger, III, Bar Roll No. 19077
**DODSON & HOOKS, LLC**
112 Founders Drive
Baton Rouge, Louisiana 70810
Telephone: (225) 756-0222
Facsimile: (225) 756-0025
Email: kenny@dodsonhooks.com
Email: price@dodsonhooks.com

-and-

Gary P. Koederitz Bar Roll No. 07768
**KOEDERITZ LAW FIRM, LLC**
4607 Bluebonnet Blvd., Suite B
Baton Rouge, LA 70809
Tel. 225-295-9494
Fax 225-295-9495
Email: gary@kwlawbr.com
Attorneys for Petitioner

CERTIFIED TRUE COPY
SEP 2022
BY: _____ DEPUTY CLERK
WEST BATON ROUGE PARISH

**SERVICE INFORMAITON ON FOLLOWING PAGE**

**PLEASE SERVE:**

1. LOUIS DREYFUS COMPANY, LLC,
2. LOUIS DREYFUS COMPANY HOLDING, INC.
3. LOUIS DREYFUS COMPANY PORT ALLEN ELEVATOR, LLC, and
4. LOUIS DREYFUS COMPANY SERVICES, LLC

Each through their agent for service of process:
Corporation Service Company
501 Louisiana Avenue
Baton Rouge, LA 70802

**PLEASE HOLD SERVICE AT THIS TIME ON:**
JOHN DOE